ELIZA GUGGENHEIMER, Appellant, *v.* JOHN S. GEISZLER et al., Respondents.

A term cannot be implied or imported into a valid contract because of a fraud, for the purpose of rendering the agreement void.

When, at the time of an agreement for a loan, nothing is said as to the rate of interest, the law implies it to be that limited by statute ; to increase or alter it, a special agreement is necessary, and where the defense of usury is interposed, the burden of showing that such an agreement was made is upon the defendant. ·

G., being indebted to S. upon notes past due, amounting to $172.45, which were in the hands of R., an attorney, for collection, it was agreed that S. should loan to the former, $1,500.     Nothing was said as to the rate of interest.    G. was to pay the attorney's fees.     The parties thereafter met at the office of R., and without any words or parley a bond and mortgage were executed and delivered by G. to S., as security for the loan.     A statement showing the amount due on the notes, a receipted·bill of R., as attorney, made out to G., and a check for the balance of the $1,500, after deducting these two items, were handed to G.; one item of R.'s bill was, "commission for obtaining loan, $150."     There was no foundation for this charge, and it was intended for the benefit of S., and was never, in fact, paid to R., but retained by S.     G. questioned the correctness of this charge.     S. replied it was cheap enough, and he could do no better. In an action to foreclose the mortgage, *held*, that these facts did not sus-

tain a defense of usury, as there was no agreement or intent on the part of G. to pay usury; that under the agreement for the loan, S. was entitled simply to lawful interest. G. was under no obligation to allow any of the loan to be retained to pay the $150, but was entitled to recover that amount.

*It seems* that G. might claim that the recovery should include only the amount actually received by him, and the attorney's fees allowed by him, deducting the item of $150.

(Argued April 28, 1880; decided June 1, 1880.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, affirming a judgment of Special Term in favor of defendants.

This action was brought to foreclose a mortgage executed by defendant Geiszler and his wife, as collateral to their bond. The defense was usury.

The facts appear sufficiently in the opinion.

*Amasa J. Parker* for appellant. To sustain the defense of usury, there must not only be an agreement actually made between the parties for the payment of more than lawful interest, but there must be the intent to do so in violation of the statute against usury. This intent must exist in the minds of both parties to the contract. (*Condit* v. *Baldwin,* 21 N. Y. 221; *Bank of U. S.* v. *Waggoner,* 9 Peters, 399; *Nourse* v. *Prime,* 7 Johns. Ch. 77.)

*Charles Wehle* for respondents.

DANFORTH, J. Philip J. Seiter was the mortgagee, and the plaintiff claims under him. The transaction in question was between Seiter and John Geiszler, one of the mortgagors. The latter, in April, 1872, owed Seiter upon two notes which then, with interest, amounted to $172.45. They were past due, and he was unable to pay them. They were placed in the hands of one R., an attorney, for collection. Either Seiter proposed to make a loan to Geiszler of $1,500, or Geiszler applied for it, but both parties testify that the loan was agreed upon before the execution or preparation of the bond and

mortgage, and that out of it the debt should be paid. Nothing was said by either as to the rate of interest the loan should bear. This, therefore, the law implied, as limited by statute. (Vol. 1, p. 771, part 2, chap. 4, title 3, R. S.) To increase or alter it, a special agreement was necessary, and the burden of showing that one was made was upon the defendant. It is alleged in the answer, but neither his own evidence nor that of others gives any support to that pleading. After the loan was agreed upon, the parties met at lawyer R.'s office, and without any words or parley the bond and mortgage in suit were executed and delivered. A statement showing the amount due on the notes to be $172.45; an attorney's (R.'s) bill, made out to Geiszler, in items, amounting in the aggregate to $230.45, and receipted by the attorney; and a check drawn by Seiter, for $1,097.10, were handed to Geiszler, as covering the $1,500. In amount, they do. The sum of the notes was correctly stated. The check was, in fact, good, and was received as money. The defendant admits that he was to pay the lawyer's fee, but he then objected to one item in his bill, and upon that item this case turns. It reads: "Commissions for obtaining loan, $150;" and by it the usury is said to be covered. It may be assumed, upon the evidence, that there was no foundation for the charge, and that, in truth, it was made by the concurrence of Seiter and the attorney, intended for the benefit of Seiter, and never, in fact, paid to the attorney, but retained by Seiter. It is equally clear that this was not done, either under any agreement with Geiszler, or with his assent or even acquiescence. The bill was given to him by the attorney, and he then questioned the correctness of the charge; spoke to Seiter about it. He said: "Mr. Seiter, I did not expect that I would have to pay this $150, extra; that is the substance of it." "He told me it was all right, it was cheap enough." Again, he says: "He" (Seiter) "said it was all right, it was cheap enough; he could not do any better." This conversation relates to the attorney's charge. At the time it occurred, under the agreement by which the loan had been promised, and in pursuance of which the defendant had exe-

cuted the bond and mortgage, he was entitled to the whole of the $1,500, less the amount of the notes. He was bound by no obligation or contract to pay, or allow any of the loan to be retained, as payment for the item of $150, or otherwise, and if he had brought an action against Seiter for it, as balance due upon the agreement of loan, the action could not, upon any evidence in this record, have been successfully resisted. Seiter could not have said: "You agreed to pay me $150 for the loan," and, if this is so, there is no usury. For aught that now appears, the defendant Geiszler may, with reason, claim that the recovery in this case should include only an amount equal to the sum actually received, and the attorney's fees allowed by him, less the item of $150, for that seems to be without consideration. There was no intent on the part of Geiszler to pay usury ; no expectation on his part that Seiter should have usury. And I am not able to perceive how, in the absence of such intent, there could have been an agreement or contract for it, or how the transaction can be subjected to the condemnation of the statute against usury. Either the attorney, without right, or Seiter, by false pretense, has deprived the defendant Geiszler of the money due to him, but it was by virtue of no agreement, and so there can be no usury.

You may, sometimes, it is said, waive a tort, and imply an agreement, but from a fraud you cannot imply or import a term into a valid agreement, for the purpose of rendering that agreement void.

The judgment should be reversed, and a new trial granted; with costs to abide the event.

All concur.

Judgment reversed.