SUSAN BEVIER, Respondent, *v.* BESSIE A. COVELL et al., Appellants.

Where, at the time of an agreement for a loan to be secured by bond and mortgage, at the request of the borrower, and upon his agreement to pay interest from that time, the money was left in the hands of an agent of the lender until the borrower could perfect the security, *held*, that the agreement and the retention of the interest in pursuance thereof did not constitute usury.

Also *held*, that the fact was immaterial that the agent, without authority from his principal, used the money on his own account.

In computing the interest as the trial court found "by inadvertence and mistake in the computation of time, and not with the purpose and intention of evading the statute against usury, or in violation thereof," the lender retained interest for twenty days too much. *Held*, that this was not usury; and that the court, in an action to foreclose the mortgage, properly applied the excess in diminution of the sum secured.

(Submitted October 20, 1881 ; decided November 22, 1881.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, affirming a judgment in favor of plaintiff, entered upon a decision of the court on trial without a jury.

This action was brought to foreclose a mortgage for the sum of $3,000 executed by defendants Bessie A. and Harry C. Covell, to the plaintiff, dated July 11, 1876. The court found in substance the following among other things :

On or about the first day of February, 1876, the defendant Harry Covell applied to one Eldridge, who was the agent of the plaintiff, and as such had in his hands $3,000 of her money to loan at lawful interest, for a loan of money, and proposed real estate security, but upon examination of the title, it was found to be defective and was rejected by the said Eldridge, and the said Covell then proposed and agreed to have the title perfected and made good by some judicial proceedings, and it was agreed between him and Eldridge that, while the said proceedings were pending, Eldridge should retain the said $3,000 for the said Covell, to loan to him whenever he should perfect his title, and while it was thus retained, Covell agreed to pay interest thereon. Eldridge, under said agreement, retained said $3,000 until the 11th day of July, 1876, at which time Covell had perfected his title to said real estate, in the name of his wife, the defendant Bessie A. Covell, who thereupon, with her husband, executed and delivered to Eldridge the bond and mortgage in question. Eldridge paid to Covell the said $3,000 as follows, to-wit : $100 by a note which he held against Covell for borrowed money ; $105, being the interest on the said $3,000 that had accrued for the six months prior to the 11th day of July, 1876 ; $326.84 for a judgment which John Arnot held against Covell, and $2,468.16, by a check which was duly paid. The court found " that the six months extends twenty days beyond the time covered by the agreement, between the said Eldridge and the said Harry Covell, to pay interest while the money was being retained. That that was by inadvertence and mistake in the computation of time, and not with purpose and intention of taking more than lawful interest, and not for the purpose and intention of evading the statute against usury, or in violation thereof."

Also," that the said Eldridge, when he received the said money, deposited the same in the bank to his own credit in common

with his own funds, and he did not at all times from the 7th day of January, 1876, to the 11th day of July, 1876, have in bank a balance in his favor of $3,000; at times his balance fell short of that sum, and at times was in excess of that sum. But the said Eldridge was at all times able, and his check was good for that sum at bank, and was ready and willing to furnish and advance said sum to the said Covell whenever his title was perfected, and did so furnish and advance it."

*David B. Hill* for appellants. The payment of the bonus of $105 was usurious, because there was never any loan made within the meaning of the law until the date of the mortgage. (*Dowdall* v. *Lenox*, 2 Edw. Ch. 271; *Banks* v. *Van Antwerp*, 15 How. 29, 30, 31; *Rosevelt* v. *The Bull's Head Bk.*, 45 Barb. 579.) The money having been used by Eldridge, it could not be deemed to have been " kept on hand " so as to enable the plaintiff to legally receive interest upon it. (*First Nat. Bk. of Jersey City* v. *Leach*, 52 N. Y. 353; *Meads* v. *The Merchants' Bk. of Albany*, 25 id. 146; *Com. Bk. of Albany* v. *Hughes*, 17 Wend. 94.) The finding or conclusion that the transaction was not usurious on account of the agent's using the money, and not leaving the full amount in bank or at any other place for the defendants, because, as stated, " the plaintiff had nothing to do therewith or gain therefrom," is erroneous. (*Cleveland* v. *Loder*, 7 Paige, 557; *East River Bk.* v. *Hoyt*, 32 N. Y. 119; *Fulton Bk.* v. *Benedict*, 1 Hall, 480; *Farmers' L. & T. Co.* v. *Carroll*, 5 Barb. 616; *Marsh* v. *The Oneida Central Bk.*, 34 id. 298.) The taking of interest for the twenty days before any loan had been suggested is not legally justifiable or excusable, and the transaction was usurious; the offense is not condoned by want of intent to violate the statute. (*Fiedler* v. *Darrin*, 50 N. Y. 438; *Bk. of Salina* v. *Alvord*, 31 id. 473; *Bk. of Utica* v. *Wager*, 2 Cow. 713; *N. Y. F. Ins. Co.* v. *Ely*, id. 679.)

*Gabriel L. Smith* for respondent. The agreement to take interest while plaintiff was holding the money, waiting for de-

fendants to perfect the title to the premises which were to be mortgaged as a security for the loan, was not usurious. (*Banks* v. *Van Antwerp*, 15 How. Pr. 29.) The taking interest for twenty days too much time, by inadvertence or mistake, is not usurious. (*Mathews* v. *Coe*, 5 Weekly Dig. 46; 70 N. Y. 239.) There must be an intent to take usury, to violate the statute. (*Fay* v. *Lovejoy*, 20 Wis. 407; *Marvine* v. *Hymers*, 12 N. Y. 222.) The fact that the plaintiff's agent, while keeping the $3,000 for defendant, had deposited it in bank with his own funds, and did not at all times have $3,000 to his credit, does not render the transaction usurious. (*Estevez* v. *Purdy*, 66 N. Y. 446; *Gokey* v. *Knapp*, 44 Iowa, 32; *Dagnell* v. *Wigley*, 11 East, 43; *Condit* v. *Baldwin*, 21 N. Y. 219; *Comm.* v. *Frost*, 5 Mass. 553; *Baxter* v. *Buck*, 10 Vt. 548; *Muir* v. *N. Svgs. Inst.*, 16 N. J. Eq. 537.) The defendants are estopped from setting up that Dr. Eldridge did not keep this money on hand for them for six months prior to the making of the mortgage. (*Erie Co. Svgs. Bk.* v. *Roop*, 48 N. Y. 292; *Rowan* v. *Kelsey*, 2 Keyes, 594; *Otis* v. *Sill*, 8 Barb. 102; *Hall* v. *Fisher*, 9 id. 17; *Hope* v. *Lawrence*, 50 id. 258; *Cairncross* v. *Lorimer*, 3 Macqueens House of Lords Cases, 827; 4 Fisher's Digest, 4756; *Voorhes* v. *Olmstead*, 66 N. Y. 113.)

DANFORTH, J. It was not denied that the consideration of the bond and mortgage was money lent, and the trial court was led by the defendant to inquire whether it was upon an agreement void by the statute of usury. No other question was presented. The finding is to the contrary. The General Term have approved it, and I gather nothing from the appellants' argument which should persuade this court to any other conclusion.

According to the answer, the lender imposed as condition beyond legal interest, first, the payment of a bonus of $105, and second, the acceptance by the borrower of an uncollectible judgment against W. W. Albro and others, amounting to $326.84. The evidence left no doubt that this last item was a debt justly due from Covell, a lien upon the property mort-

gaged, and voluntarily paid to Arnot, the judgment creditor, out of the money loaned. The plaintiff had no concern with, and derived no benefit from it. It is not now contended that the ruling in regard to this item was erroneous. The other item was made up of interest accruing upon the $3,000 for six months prior to the date of the mortgage, and retained by the plaintiff upon the ground that the agreement for the loan was made at that time, and the money held by her agent at the request of the borrower, and upon his agreement to pay interest therefor. Concerning this agreement, the evidence is conceded by the appellants to be conflicting. It is, we think, decidedly in favor of the plaintiff's version, and has been satisfactory to the trial court. It need not, therefore, be repeated here. The court, however, found that the agreement was made on the first of February, while interest was in fact computed for the full period of six months, or twenty days too much; the excess amounting to $11.66. Reliance is now placed upon this circumstance to uphold the defense. The trial court, found that it was retained "by inadvertence and mistake in the computation of time, and not with the purpose and intention of evading the statute against usury, or in violation thereof." The defendant had the burden, and was not relieved from it when it appeared that this sum was retained by the lender. (*Matthews* v. *Coe*, 70 N. Y. 239.) Upon what agreement was it reserved or taken? None is disclosed by the answer, nor is any proven. The case shows, on the contrary, that the agreement was to cast interest for the time the money was held for the borrower. The evidence tends to this, and the court has so found it. It is clear, therefore, that there was a simple mistake in the time for which interest was to be calculated, and whatever was so included cannot be deemed usurious. (*Marvine* v. *Hymers*, 12 N. Y. 223; *Fiedler* v. *Darrin*, 50 id., per ALLEN, J., p. 443; *Gibson* v. *Stearns*, 3 N. H. 185.) The appellant calls it "extortion." This implies force, or the taking without right, the absence of agreement; and there is no testimony in the case which would justify its retention. The plaintiff could not say, upon any

evidence before us, "the defendant agreed to it." What the defendant did agree to was the payment of interest for such time as the money was retained for him — nothing more. And so the trial court properly applied this excess in diminution of the sum secured by the bond and mortgage. (*Guggenheimer* v. *Geiszler*, 81 N. Y. 293; *Morton* v. *Thurber*\* (opinion by RAPALLO, J., October 4, 1881).

As to the reservation of interest for a time anterior to the actual payment of the money or date of the bond and mortgage, no legal ground of objection is perceived. The plaintiff placed her money in the hands of Eldridge, as her agent, for investment, and it was there when the bargain for the loan was made. The borrower knew this, and in consideration of its retention, and for his benefit, promised to pay interest. It was from that time, so far as the plaintiff is concerned, withheld from other investments, and remained subject only to the defendant's success in perfecting the security on faith of which the loan was made. It was, in fact, paid to him as soon as demanded. That Eldridge himself in the mean time used the money on his own account could make no difference. It was without authority from the plaintiff, and a violation of the duty he owed to her. It was held by him for the defendant's benefit, and, as the trial court found, at his request. Such an arrangement might be made a cover for usury, but it was not in this case. No corrupt intent is averred in the pleadings, and the finding of the trial judge is that none existed. A violation of the statute, therefore, was not made out. (*Nourse* v. *Prime*, 7 Johns. Ch. 77; *Thomas* v. *Murray*, 32 N. Y. 605; *Thurston* v. *Cornell*, 38 id. 281; *Dowdall* v. *Lenox*, 2 Edw. Ch. 267.)

I have examined the other exceptions pointed out on the appellants' argument, and find none which, in view of the above conclusion, could affect the judgment. It should, therefore, be affirmed.

All concur.

Judgment affirmed.

\* 85 N. Y. 550.