Washburn *v.* Rider.

---

## City Court.

*Trial Term—March,* 1885.

## ALBERT S. WASHBURN *against* WILLIAM E. RIDER.

Defendant applied to plaintiff for a loan of $1,000. Plaintiff had the money on deposit in a savings bank, and told the defendant that if he withdrew it, he would lose $13, accrued interest thereon, which he could not collect from the bank. The defendent agreed to pay the $13 and legal interest for the use of the money. *Held*, that the transaction was not usurious, and that a further agreement, made in good faith, to take the lender into the defendant's employ did not render the loan *per se* usurious.

Action on a promissory note. Defense, usury. The facts appear in the direction to the jury to find for the plaintiff,

*M. A. Kellogg*, for plaintiff.

*I. T. Williams*, for defendant.

McADAM, Ch. J., in directing a verdict for the plaintiff, said : "There is no usury in this case. The contract required the defendant to pay for the loan and forbearance of the money six per cent., which is lawful interest. There is nothing thus far which imports into the case any illegal element. The two circumstances claimed to make the loan unlawful were—first, the taking of the interest which the plaintiff lost at the bank. The plaintiff, according to his testimony, told the defendant the money was in bank, that if he withdrew it, there would be a loss on $1,000 of $13 and some cents, and if he took the loan, he would have to make that loss good. The defendant, in allowing the $13 and some odd cents, merely made that loss good. It was not interest on the loan which the plaintiff received, but money taken to make good a loss actually incurred at the bank for the defendant's benefit. In other words, the $1,000 in the bank had earned $13 and some cents of interest. The plaintiff, therefore, practically had $1013 and some cents in the bank to his credit ; but by drawing it out then, the bank, according to its rules, would not pay the $13 and some cents. He says to the defendant, "If I draw the money from the bank you must make good this loss." It is like a man who has money in Philadelphia, and another wants to borrow it, and he says, "If I go to Philadelphia, it will cost me $5 for my car-fare and lunch. If you will pay the expense I am put to and give me lawful interest, I will go and get the money." An expense of $5 actually incurred under such circumstances would not make the loan usurious.

"The statute in regard to usury makes it a criminal offense for a party to exact it. I feel sure that a man taking his actual expenses to Philadelphia and back, and getting only lawful interest for his money could not be indicted and sent to jail as a criminal.

"In Tillinghast *vs.* Pratt (N. Y. Supreme Court, 18
*N. Y. Week Dig.* 570) it appeared that the plaintiff agreed
to loan his money to one P., who employed him at a fixed
salary to attend to his office business, keep books and
solicit business, and it was held that the agreement was
not *per se* usurious, but depended on the intention of the
parties, and that the fact that the plaintiff did not do as
much work as was expected threw very little light on
such intention. There is no rule of law which forbids an
employer to borrow from his employee or prevent the
employee from lending to his master. In the case on
trial it is not alleged in the answer, nor has it been proved
on the trial, that the idea of employment was a pretense,
cover or disguise by which usury was to be exacted.
Services were to be performed. How valuable they were,
or how little they were worth, under the case cited, is of
little consequence, so long as the services were in good
faith rendered.

"The defendant's check-book shows that the check of
$13 and some cents was given to the plaintiff to repay the
savings bank interest. It is so expressed on the stub of the
check-book. The checks that were given for services indi-
cate on the stubs that they were given for services. So
that, under all these circumstances, it seems to me that
there is nothing on which the jury could find a corrupt
intent on the part of the plaintiff, or an intention to exact
more than the legal rate of interest; nor is there any
evidence from which the jury could infer that the trans-
action was colorable or a pretense to exact unlawful
interest.

"It may have been, and no doubt was, inconvenient to
the defendant to break in upon him and demand the
money at a time when it was not convenient for him to
pay—but there is an old proverb that holds good in this
case, and probably every other, and that is, ' the bor-
rower is slave to the lender.' If you, gentlemen, have ever
borrowed money you probably have had that experience.

If you have not, everybody else that has borrowed, has had it; and it is one of the evils of getting into debt. The day of reckoning will come, and it may come at a very unfortunate hour. It may blot a man out of business existence. Unfortunately, that is one of the vicissitudes of life, and there is no way of getting around it or over it. Whether the plaintiff was as lenient as he ought to have been to the defendant is a matter that we have nothing to do with. The only question for us is, whether there was usury, such as the law forbids, and as a punishment for which the law absolutely annuls every security taken, and and debars a party from recovering back even the money he lent. It is a highly penal statute, to be enforced only in cases clearly brought within its provisions. If you loan a man a thousand dollars, and deliberately take one dollar more than lawful interest, the thousand dollars is gone, and you are remediless. You have violated the law and cannot ask its aid. It is your misfortune, and no court of justice can help you. I hardly think this is such a case.

" The motion for a direction will therefore be granted."

The jury, by direction of the court, thereupon rendered a verdict in favor of the plaintiff for the amount claimed, with interest.

A motion for a new trial was made, and denied on the authorities cited above, and Thurston v. Cornell, 38 N. Y. 285 ; Harger v. McCullough, 2 Denio, 119 ; Morton v. Thurber, 85 N. Y. 550; Lynde v. Staats, 1 N. Y. Leg. Obs. 89 ; Eaton v. Alger, 2 Abb. Ct. App. Dec. 5. The judgment was affirmed on appeal.