(61 Misc. Rep. 176.)

## MOORE v. LINDSAY.

(Supreme Court, Special Term, New York County. November, 1908.)

1. MORTGAGES (§ 445*)—FORECLOSURE—COMPLAINT.
    In an action to foreclose a mortgage, it is not necessary to allege that the recording tax on the mortgage has been paid.
    [Ed. Note.—For other cases, see Mortgages, Dec. Dig. § 445.*]

2. USURY (§ 53*)—DEDUCTION OF MORTGAGE TAX.
    Laws 1907, p. 621, c. 340, amending Laws 1906, p. 1447, c. 532, which amends Laws 1905, p. 2059, c. 729, contains no reference as to who was to pay the tax for recording a mortgage. Held, that where the amount of a mortgage loan, with interest, is paid by the lender to a title company, which, without objection of the borrower or the knowledge of the lender, deducts the mortgage tax, without any agreement between the parties in relation thereto, the transaction is not usurious.
    [Ed. Note.—For other cases, see Usury, Cent. Dig. § 114; Dec. Dig. § 53.*]

Action by George W. Moore against Theresa Lindsay. Judgment for plaintiff.

Emile A. Hassey (George F. Langbein, of counsel), for plaintiff.
Leon B. Ginsburg, for defendant.

GREENBAUM, J. The defense of usury is interposed to the plaintiff's action of foreclosure of a mortgage upon the defendant's real property, based upon plaintiff's alleged exaction, when the mortgage loan was closed, of the sum of $30, the amount of the tax paid to the register of the county of New York upon recording the mortgage. Defendant also claims that the complaint does not state a cause of action, in that it omits affirmatively to allege payment of the mortgage recording tax.

This contention is without merit. The complaint states a complete cause of action. The cause of action is not affected in the slightest

---

by the failure to pay the recording tax, although it may be that a plaintiff could not succeed in establishing his case without proof of the payment of the tax, because of the provision in the statute that the mortgage may not be received in evidence unless the tax has been paid. It has been held that the failure of a foreign corporation doing business in this state to allege due authority therefor does not affect the substance of plaintiff's claim, and is not available upon a demurrer that the complaint fails to state a cause of action. Emmerich Co. v. Sloane, 108 App. Div. 330, 95 N. Y. Supp. 39.

Coming, now, to the defense of usury, it appears that the mortgage was to bear interest at the rate of 6 per cent. per annum; that the plaintiff retained a title company to examine and pass upon the defendant's title to the mortgaged premises; that at the time of closing the loan the plaintiff delivered to the defendant a check for $6,000, the full amount of the loan secured by the bond; that this check was indorsed over by the defendant to the title company, which thereupon deducted the amount of its disbursements and charges in connection with the searching of the title, together with $30 recording tax fee required to be paid pursuant to chapter 532, p. 1447 of the Laws of 1906, as amended by chapter 340, p. 621, of the Laws of 1907. Nothing was said by any person connected with the transaction as to who was to pay this tax, and the plaintiff testified that he was not even aware that the tax had been paid. There was not the slightest suggestion of an agreement between the parties that the defendant was to pay the tax. The tax of $30 was simply deducted by the title company, and a closing statement containing the item presented to the defendant in due course, without demur on her part and without the knowledge of the plaintiff. Upon the foregoing state of facts it is apparent that the amount of the recording tax was not paid or deducted from the principal sum constituting the loan in pursuance of any mutual agreement between the parties. Under these circumstances the payment by the defendant of the recording tax cannot be held to be in the nature of additional interest which would taint the loan as usurious.

The essential element of an intent to exact usury is entirely lacking. Guggenheimer v. Geiszler, 81 N. Y. 293. But independently of this, and even if it be assumed that an agreement had been deliberately made between the parties that the mortgagor was to pay the recording tax, I am of opinion that such an agreement would not necessarily be usurious. There is nothing in the statute that requires the recording tax to be paid simply because a mortgage upon real property has been executed. The act is evidently a revenue measure for the benefit of the state, and the tax is payable only on the recording of the mortgage. It is true that the act prevents the introduction in evidence of the mortgage or the rendition of judgment thereon without first having paid the recording tax. But these provisions were obviously intended as a method of stimulating the payment of mortgage recording taxes to increase the state's revenue, as a mortgagee would not ordinarily take the risk of omitting to record his mortgage. Chapter 340 of the Laws of 1907 was an amendment of chapter 532 of the Laws of 1906, amending chapter 729, p. 2059 of the Laws of

1905. The act of 1905 imposed a regulated annual tax on each and every debt or obligation for the payment of money secured in whole or in part by mortgage on real property situated within this state, and, among other things, it was therein expressly provided in section 309 that:

"Any contract or agreement in respect to any mortgage obligation or deed of trust, other than mortgage obligations and deeds of trust executed by corporations, by which the mortgagor shall agree or be bound to pay the tax or any part thereof imposed by this article, shall be usurious and void; and no judgment shall be obtained in any court of this state upon any obligation or mortgage subject to the taxes imposed by this article when it shall be made to appear that there has been at any time any agreement that the mortgagor shall pay the tax or any part thereof, or that the mortgagor has made any payment in pursuance of any such agreement."

The amendments of 1906 and 1907 deliberately omit any reference as to who was to pay the tax for recording. They contain no expressions, either direct or indirect, from which it may be argued that an agreement on the part of the mortgagor to pay the tax shall be illegal or taint the mortgage loan as usurious. These omissions are very significant, and may properly be considered in construing the enactment. It has been an almost immemorial practice for a mortgagor to bear all the expenses incurred in the searching of the title to premises mortgaged by him, including the fee for recording the mortgage; and it has been held that, where a party in loaning money to another is put to trouble and expense in procuring it, a charge for such trouble and expense will not be deemed an act of usury. Eaton v. Alger, *41 N. Y. 41.

But it is argued by the defendant that the mortgagee, by the agreement on the part of the mortgagor to pay the recording tax, may derive the benefit of the exemption provided for in the statute, to wit, that all mortgages of real property "situated within the state, taxed by this article, and the obligations they secure, * * * shall be exempt from other taxation by the state, counties, cities, towns, villages, school districts and other local subdivisions of the state," etc. (Laws 1906, c. 532, § 291), and, therefore, that such benefit or advantage, being in the nature of compensation in addition to the payment of legal interest, made the transaction an usurious one. The answer to this argument is that there is an absolute failure of proof that the mortgagee, the plaintiff in this action, has as a matter of fact obtained any advantage by reason of the exemption of the mortgage from ordinary taxation as personal property. It may well be that the mortgagee's personal property would not have been subject to taxation because of offsets of debts or other legal considerations.

If the defendant's contention be sound, a nonresident mortgagee might with impunity exact payment of the recording tax from a mortgagor, since in his case it may be assumed that no advantage could come to him by virtue of the exemption provided for in the act; whereas a resident mortgagee under similar circumstances would ipso facto be subjected to the penalties of an usurious agreement. We may also suppose the case of a resident having his money invested in nontaxable securities, which he has converted into cash for the

purpose of making the mortgage loan. Would any advantage be derived by the mortgagee in such a case by reason of the exemption clause? There is not the slightest evidence that the plaintiff would necessarily obtain any advantage by reason of the exemption above referred to. A mere possible, incidental, or indirect advantage that he might derive will not taint the transaction. In Clarke v. Sheehan, 47 N. Y. 188, the plaintiff's firm secured an advantage from a certain contract between the parties by reason of plaintiff's loan to defendant. It was held that:

"The indirect advantage which the plaintiff's firm might derive from the carrying out of the agreement did not incapacitate the plaintiff from lending the money at 7 per cent. to enable the defendant to perform it; the agreement having been made bona fide on its own merits, and not for the purpose of obtaining the loan as a cover for usury."

I am satisfied that in no aspect of the case may it be said that the facts would warrant a conclusion that the payment of the mortgage recording tax by the mortgagor may be construed as a corrupt or usurious agreement between the plaintiff and the defendant.

Judgment for the plaintiff for the full amount of the claim, with interest.

Judgment for plaintiff.