FLESCHNER BROS., INC., Respondent, *v.* CONSOLIDATED EDISON COMPANY OF NEW YORK, Appellant.

First Department, October 30, 1951.

· *John M. Keegan* of counsel (*John D. Gray* with him on the brief; *Keegan & Clarke,* attorneys), for appellant.

*Jonas J. Shapiro* of counsel (*Janet Perlman* with him on the brief; *Shapiro & Gottesman,* attorneys), for respondent.

PECK, P. J. Defendant appeals from an adjudication that plaintiff is entitled to interest on an account payable. The question, in the rather unusual circumstances of this case, is whether there was some default on defendant's part in making payment and whether plaintiff is entitled to make any claim for interest on account of delayed payment.

Plaintiff is engaged in the business of demolishing buildings and contracted with defendant's predecessor (hereinafter identified as defendant) to do certain work for the agreed sum of $72,794. The work was completed and billed by June 7, 1945. Prior to that time, however, and during the progress of the work, suit had been instituted against plaintiff and defendant by the Volk demolition company, in which it claimed that the contract had been taken by plaintiff in breach of trust by individuals who were officers and directors of the Volk company and who had formed the plaintiff corporation to take the business to which Volk was entitled. The relief requested in that action was the impressment of a trust upon the demolition contract, an accounting from plaintiff and an injunction against defendant's transferring the moneys involved.

The Volk action was tried in November, 1945, and resulted in a dismissal of the complaint against defendant but in the entry of an interlocutory judgment against plaintiff, adjudging that the contract properly belonged to Volk, impressing a trust upon the contract, and requiring plaintiff to account for its profits. A referee was designated to take the account. After a hearing and report by the referee, a final judgment was entered in June, 1947. Appeals followed and the judgment was finally

affirmed by the Court of Appeals by its remittitur on December 6, 1948, whereby Volk was awarded the sum of $44,631.33 with interest from the date of the final judgment. The judgment provided that if plaintiff so elected it might pay the amount directed by means of an assignment against the sum of $72,794 " withheld by Brooklyn Edison Company, Inc. on the contract in suit ".

All during the litigation, until final determination by the Court of Appeals, defendant had withheld payment. Pursuant to instruments dated December 10, 1948, and January 25, 1949, plaintiff assigned to Volk in satisfaction of the judgment, the sums of $41,631.98 and $7,350.89, respectively, " out of the monies due " to plaintiff by defendant under the contract. Defendant honored the assignments by paying Volk the amounts thereof, totaling $48,982.87, and then paid plaintiff the balance of $23,811.13. This last payment was tendered and accepted without prejudice to plaintiff's claim for interest on the sum of $72,794 from June 7, 1945, which claim it asserted for the first time after the conclusion of the litigation in December, 1948.

Plaintiff has succeeded in its claim, upon a holding that defendant has had the advantage and use of plaintiff's money, and that under the rule of " just compensation " interest must be added to make plaintiff whole. Defendant's contention that it was justified in holding the money because of its doubt as to whom to pay was dismissed upon the ground that in such predicament defendant should have made a deposit into court of the money involved.

We are unable to concur in that decision. There is some question as to whether defendant could have availed itself of the procedure for interpleader or deposit of the fund into court. We do not consider that question to a point of determination, however, but rest our decision on the rights of the parties as between themselves and their handling of the matter during the course of the Volk litigation.

It has been held in a suit in equity that plaintiff was at no time entitled to the sum of approximately $45,000. This amount was adjudged as owing to the Volk company and it seems incongruous to us to hold that plaintiff is entitled to interest on a principal sum to which it was not entitled or that the payment of such interest is required to make plaintiff whole.

It might be that without more plaintiff would seem entitled to interest on the balance, but there is more. We are satisfied, upon the record, that plaintiff acquiesced in leaving the money

with defendant pending the outcome of the Volk litigation. This is quite clearly indicated in an affidavit submitted by plaintiff in support of its application for a stay of execution of the Volk judgment pending appeal, without the posting of a bond, in which affidavit it was stated that the sum of $72,794 " remained with the defendant Brooklyn Edison Company pending determination of this litigation ", and it was urged that inasmuch as defendant " admittedly is holding the money " it would be unjust to compel the posting of security equivalent to the amount of the judgment. Defendant's position as stakeholder was also recognized in the final judgment providing that plaintiff might discharge its obligation to Volk by means of an assignment against the sum " withheld " on the contract in suit. This withholding naturally continued during the next period of a year and a half while plaintiff was prosecuting its appeals. And, as we have noted, there was no suggestion from plaintiff that it was entitled to interest until after the Court of Appeals had finally spoken in December, 1948.

Our conclusion is that there was no wrongful detention of plaintiff's money rendering defendant liable for interest, but on the contrary there was a practical stakeholding acquiesced in by plaintiff.

The judgment should be reversed, with costs to the appellant and the complaint dismissed, with costs.

Cohn, Callahan and Van Voorhis, JJ., concur; Shientag, J., dissents and votes to affirm.

Judgment reversed, with costs to the appellant and judgment is directed to be entered dismissing the complaint herein, with costs. Settle order on notice.