Irving Younger, J.
In 1965, plaintiff and her husband bought a house. Defendant is their mortgagee.
The mortgage says that the mortgagors shall make certain monthly payments “to be held in trust by the mortgagee.” Plaintiff has made the payments. Defendant enters them in an “ escrow account” out of which it pays taxes and other assessments on the house. The amount received has exceeded the amount expended for at least the last six years. In 1968, the average monthly balance in plaintiff’s favor was $346.76 ; in 1969, $351.09; in 1970, $485; in 1971, $456.56; in 1972, $604.05; and in 1973, $731.87.
*1055 In January, 1974, plaintiff commenced this small claims action ‘ ‘ for interest on tax escrow money given to defendant from January, 1968. Breach of fiduciary relationship.” Defendant has not objected to the failure to join plaintiff’s husband as a party, CPLR 1001, and the facts are stipulated.
In Tierney v. Whitestone Sav. & Loan Assn., N. Y. L. J., Jan. 16, 1974, p. 21, col. 2, and 77 Misc 2d 284) a case indistinguishable from this case, Judge Mabgulies found for the plaintiff. With all diffidence, I decline to follow him.
Plaintiff must establish some basis for holding defendant liable. Since the mortgage contains no promise by the bank to pay interest on the escrow balances, there has been no breach of an express contract. Since plaintiff has offered no evidence of an unstated agreement to pay interest, there has been no breach of an implied contract. Since the Legislature had not spoken, there has been no breach of a statutory obligation. (But, see, L. 1974, ch. 119, providing henceforth for payment of interest on escrow accounts.)
Not seriously disputing any of these conclusions, plaintiff argues that “the rule of just compensation,” derived from dicta in Bevier v. Covell (87 N. Y. 50); Boston Road Shopping Center v. Teachers Ins. & Annuity Assn. of America (13 A D 2d 106, affd. 11 N Y 2d 831); Fleschner Bros. v. Consolidated Edison Co. of N. Y. (279 App. Div. 69, affd. 304 N. Y. 815) requires a decision in her favor. Although it would be rash to quarrel with the idea that people should be compensated where it is just that they be compensated, I can hardly accept it as a basis for liability. Alas, litigants must do something more than demand justice: they must demonstrate a cause of action.
So plaintiff urges that her claim is for money had and received, a theory which usually avails when a plaintiff has given money to a defendant who should, for whatever reason, be made to return it. Here, plaintiff does not sue for the return of anything she gave defendant. Her contention is a more subtle one.
Defendant took plaintiff’s escrow payments and commingled them with its general funds. It invested its general funds in the money market — commercial paper, certificates of deposit, treasury bills, etc.— earning whatever interest the money market was then paying. Plaintiff argues that these earnings rightly belong to her, and hence that she has a cause of action for money had and received.
*1056 When plaintiff says that the bank’s earnings on her escrow payments rightly belong to her, she speaks words of equity. We are taught, however, that this does not convert an action for money had and received into an equity action.
“ That an action is of an equitable nature does not make it an action in equity.
‘ ‘ When, in an action for money had and received, all the facts show that the plaintiff is ex aequo et bono entitled to recover, his right to recover is a legal one and maintainable in a court of law.” (Chapman v. Forbes, 123 N. Y. 532, 537.)
We must go further. In Chapman, the allegation was that defendant refused to pay to plaintiff money which defendant had been given by a third person who had received it as the agent of plaintiff’s testatrix. There was no fiduciary relationship between plaintiff’s testatrix and defendant, a circumstance which limits the Court of Appeals ’ holding. ‘ ‘ And in the particular case before the court there is no such relation of trust between the parties as would render the cause of action cognizable in equity. Equitable relief is not demanded, nor is a case made by the complaint for granting any relief of an equitable nature.” (Chapman, supra, p. 537.) Here, by contrast, there was a relation of trust between the parties: defendant agreed in the mortgage to hold plaintiff’s escrow payments “in trust” for the purposes specified. The complaint alleges “breach of fiduciary relationship,” which, allowing for the succinctness customary in small claims cases, sounds in equity. And the transactions at issue, looked at closely, show an equitable cause of action. Defendant was to hold plaintiff’s escrow payments in trust. Defendant was thus obliged not to commingle them and not to use them for its own gain. Defendant did both. It follows that, although none of the escrow payments have been dissipated, defendant may be made to disgorge to plaintiff the fruits of its breach of fiduciary obligation.
Plaintiff’s remedy, in short, is an accounting of defendant’s gain, that is, the interest defendant earned by investing plaintiff’s escrow payments in the money market. This may be more or less than the sum obtained by computing interest on the escrow balances, but whatever the amount, the cause of action is equitable. I am therefore obliged to dismiss the complaint for lack of subject-matter jurisdiction (COA, §>§ 202, 1801), and I do.