Wachtler, J. (dissenting).
Under the instrument in question, the appellant mortgagor was obligated to tender to the respondent bank monthly installments of the real estate taxes levied or to be levied against the mortgaged premises. More *179 over, the hank was to hold the money and to apply the same against the taxes as they came due and to credit the excess on subsequent payments of the same nature. During the period for which the mortgagor is seeking an accounting, the bank continuously held approximately $35,000 above the amount needed to satisfy the real estate tax obligations. Significantly, the agreement provided that the money would be held “ in trust ”.
These are words of art which impart a great deal. While I agree that a mere label will not transform what is not otherwise a trust into a trust, I believe that it should be accorded some weight in determining whether the instrument manifests an intention to create a trust. In analyzing such an instrument it is imperative to consider the parties involved, and whether it embodied the entire agreement between the parties.
Here, the majority properly characterizes the mortgagor as a sophisticated borrower, as indeed he is. Just as clear is the fact that the bank is a sophisticated lender. The majority rightfully concludes that this- forecloses a claim of a contract of adhesion. However, the majority fails to take into account the fact that the bank prepared both the form and the content of the agreement* thereby overlooking the cardinal rule -of construction that an instrument should be construed against the drafter.
As I view this matter, the question is whether the instrument taken as a whole manifests an intent to confer upon the bank the powers and duties of a trust (1 Scott, Trusts [3d ed.], § 24, p. 192). Here, the instrument created a special fund designated and delivered to the bank for a special purpose, i.e. to pay real estates taxes, with the excess being credited to the mortgagor. Clearly such a relationship embodies the essential elements of a trust — a fund and delivery of title to the trustee, a trustee and a designated beneficiary (City Bank Farmers Trust Co. v. Charity Organization Soc. of City of N. Y., 238 App. Div. 720, affd. 264 N. Y. 441; Martin v. Funk, 75 N. Y. 134). The legal consequence flowing from such an instrument is that a trust has been created. Indeed on similar facts other courts have concluded that a trust relationship existed (e.g., Car *180 penter v. Suffolk Franklin Sav. Bank, — Mass.—, 291 N. E. 2d 608; Buchaman v. Brentwood Fed. Sav. & Land Assn., — Pa. —, 320 A. 2d 117; compare Tierney v. Whitestone Sav. & Loan Assn., 77 Misc 2d 284 with Raab v. Bowery Sav. Bank, 77 Misc 2d 1054).
While the majority rightfully concludes that the sophistication of both parties forecloses a claim of 'a contract of adhesion, it does not explain how the majority could gloss over the wording of the agreement so as to circumvent the parol evidence rule. Where the manifestation of intention is integrated in a writing, evidence of prior and contemporaneous matters is not admissible (1 Scott, Trust, [3d ed.], § 38, p. 300; Richardson, Evidence [10th ed.], § 601). In any event, since the conversation at the closing referred only to the fixed obligation of interest and not the obligation to account for profits, the creation of a trust was not negated.
Accordingly, I would reverse and remand for a hearing tp determine whether or not the bank realized profits by virtue of the trust.

 It should also be noted that the bank could have avoided its obligation to account for profits, if it had included an express disclaimer in the instant mortgage.