ROSE
v.
DICKSON.

In action of debt on a bond, dated *October* 20, 1808, conditioned to pay 1,087 dollars, the defendant pleaded, that it was *corruptly* agreed between the plaintiff and the defendant, that the plaintiff should lend the defendant 687 dollars, to be repaid on the 1st *November*,1811, and that the plaintiff should forbear and give time for the payment of the 687 dollars, to the 1st *November*, 1811, and for such forbearance,the defendant should purchase of the plaintiff sixteen shares of turnpike stock, to be delivered,&c. for 400 dollars, when in truth and fact, the shares were worth only 250 dollars; and that pursuant to such corrupt agreement he did purchase the said shares, &c. and that the defendant executed the bond, as well for the 687 dollars so lent, as for the 400 dollars, to be paid for the shares and for the forbearance of the 687 dollars, &c.

ROSE *against* DICKSON.

THIS was an action of *debt*, on a bond, dated 20th October, 1808, for 2,174 dollars, conditioned to pay 1,087 dollars, on the 1st *November*, 1811, with the interest thereon, annually. The defendant pleaded, 1. *Non est factum*. 2. That at the commencement of the suit, there was due and owing to the plaintiff a sum less than 400 dollars, to wit, 76 dollars and 9 cents, and no more; and that the plaintiff, at the time of commencing the action, was indebted to the defendant in the sum of 400 dollars, upon a certain note, or agreement in writing, made the 29th *October*, 1808, by the plaintiff to the defendant, by which the plaintiff promised, for value received, to wit, in consideration of the aforesaid sum, given by the defendant to the plaintiff, to deliver to the defendant sixteen shares of 25 dollars each, in the third great western turnpike road company, on or before the 1st *March*, 1809, which note was and is still due and unsatisfied, and the money due thereon exceeds the sum of 76 dollars and 9 cents, due on the bond, which said sum, or so much thereof as may be necessary, the defendant sets off against the said 76 dollars and 9 cents, so remaining due on the bond, &c. 3. That before the making the bond, &c. it was corruptly, and against the force of the act in such case made and provided, agreed between the plaintiff and defendant, that the plaintiff should lend the defendant 687 dollars, to be repaid on the 1st *November*, 1811, with interest, and that the plaintiff should forbear and give time to the defendant to pay the said 687 dollars, until the 1st *November*, 1811, and for such forbearance, &c. the defendant should buy and purchase of the plaintiff 16 shares of the stock of

On a demurrer to this plea, the bond was held to be usurious and void.

the third great western turnpike road company, to be delivered, &c. at and for the sum of 400 dollars, when in truth and fact the true and market price of the shares was only 250 dollars, &c. and that the defendant should execute the said bond, as well for the said sum of 687 dollars, as for the payment of the said 400 dollars for the said shares and the forbearance, &c. And that in pursuance of such corrupt agreement, &c.

To the second plea, the plaintiff replied, that he tendered to the defendant the sixteen shares of the turnpike stock, on the day, &c. but the defendant then and there refused to receive, &c. and was, and is, ready and willing to deliver to him the said shares, &c.

To the *third* plea, the plaintiff demurred specially; and the defendant joined in demurrer. And the same was submitted to the court, without argument.

VAN NESS, J. delivered the opinion of the court. The truth of the facts stated in this plea is admitted by the demurrer, and the question then arises, whether the sale of the stock being merely colourable, the contract is not founded in usury? Each share of the stock is admitted, by an endorsement upon the pleadings, to be of the nominal value of 25 dollars; and this fact, independently of such admission, is necessarily inferible from the plea. The plea expressly avers, that the shares stipulated to be transferred by the plaintiff, were worth but two hundred and fifty dollars, and that it was corruptly and usuriously agreed, that the defendant should take them at their nominal value, being 400 dollars; and this sum together with 687 dollars in money, is the amount of the bond upon which this suit is brought.

Upon this statement of facts, there can be no doubt that the bond is void. The cash lent to the defendant was upon the ground that the defendant should pay nearly double the real value of the stock, and interest is reserved upon the whole amount. Whether this was a

*bona fide* sale of the stock, or colourable only, is a fact which the plaintiff may put in issue if he pleases; and it is for the jury to decide upon it. If they find that it was a fair sale, then the defendant may be liable to pay the whole amount of the plaintiff's demand; but if, on the contrary, they shall be of opinion that the transfer of the stock was a mere device, to obtain an extravagant and unlawful interest, the bond is usurious and consequently void. (*Tate v. Williams*, 3 *Term Rep.* 538. *Doe*, ex dem. *Davidson, Ex'r.*, v. *Barnard, Assignee*, &c. 1 *Esp. Rep.* 11. *Moore* v. *Battie, Ambler*, 371.) There must be judgment for the defendant, with leave to the plaintiff to withdraw the demurrer, and take issue on the plea.

<div style="text-align:right">Judgment for the defendant.</div>