ELEANOR THURSTON, Respondent, v. HENRY S. COR-
NELL, Appellant.

*Usury—Payment of extra per cent. for services is not.*

It is not usurious for a party loaning money to contract that a certain per cent.
beyond lawful interest shall be charged for time, service, and expenses spent,
performed, and incurred in procuring the money for the accommodation of the
Defendant.

The Defendant applied to Plaintiff to loan a sum of money; Plaintiff objected,
because she had not on hand the amount desired. Defendant urged his neces-
sities, and agreed to pay five per cent. as compensation for services, &c., if she
would procure him the money, &c., in addition to lawful interest. *Held*, not
to be usurious.

THIS was an action against principal and sureties, on a promis-
sory note for $412 and interest, payable in one year, made to the
Plaintiff for money loaned. The defence was usury. The evi-
dence bearing upon the negotiation between the parties was con-
flicting; the Defendant, Cornell, who obtained the loan, testifying
that it was at first expressly agreed that he should pay ten per
cent. for the money, and that the rate was subsequently augmented
to about thirteen per cent.; while the Plaintiff testified that the
sum reserved by her out of the amount indicated by the face of the
note, viz., the sum of $21.50, was reserved as compensation for her
services and expenses in collecting the money necessary to com-
plete the amount to be loaned, and that such services were ren-
dered at the request of Cornell, and upon his express promise to
pay her therefor.

The evidence being closed, the Defendant's counsel requested
the Court to direct a verdict for the Defendant, on the ground
that, as a matter of law and on the Plaintiff's own evidence, the
defence of usury had been made out, which the Court declined
to do, and the Defendant excepted. The Court charged the
jury that, if the excess over seven per cent. was taken exclusively
for expenditures of time, services, and money, in obtaining the
money to be loaned to the Defendant, without any intention

to evade the statute against usury, and if the amount thus taken was not more than a reasonable charge for such expenditures, and if they were made at Cornell's request, and on his promise to pay therefor, then the note was not usurious. To which charge the Defendant excepted.

The Defendant requested the Court to charge the jury that it was usury for the Plaintiff to take even her actual expenses in collecting her own money to loan to Defendant, when those expenses brought the sum paid for the loan to more than seven per cent.; also, that it was usury for the Plaintiff to take anything more than her actual expenses as a personal compensation for collecting the money; also, that if the extra money paid was, in the mind of the Plaintiff, an inducement to make the loan, it was usury. Each of which requests was refused by the Court, and the Defendant excepted.

The Plaintiff was permitted, under objection of Defendant, to testify for what she was to receive the five per cent. above interest; also, what was the state of her health at the time of the transaction, how long she had been sick, and what was her disease; also, whether the money which she raised to loan to Cornell was previously in safe hands, and what her intention was in stipulating for the sum reserved out of the face of the note.

The jury found a verdict for the Plaintiff for the full amount of the note, with interest. A motion for a new trial was made by Defendant at Special Term, and denied. The order denying such motion was affirmed at General Term, and Defendant appeals to this Court.

*S. Hand* for the Appellant.

*Hancock & Parker* for the Respondent.

DWIGHT, J.—The act forbidden by the statute as usury, and which vitiates all contracts into which it enters, is defined to be the reserving or taking of any greater sum or value than seven per cent. for the loan or forbearance of money. The rule is simple: its application, depending, as it does, upon the facts of each particular case, is sometimes involved in difficulty.

In this case, there being a direct conflict between the evidence of the Plaintiff and that of the Defendant, Cornell, upon the material facts, and the jury having found in favor of the former, the facts must be taken to be as testified to by her. We have, then, in brief, the following case presented : The Defendant, Cornell, a stranger to the Plaintiff, procures himself to be introduced to her; finds her sick in bed; and proposes to borrow $400, offering satisfactory security; the Plaintiff has but about half the desired amount on hand, and when it is suggested that she has money due her in a neighboring village, she admits that she has, but says it is in good and safe hands, and that she does not wish to change it ; the Defendant urges his pressing necessities, appeals to her to save him from the loss of his property, which he says must ensue if he does not obtain the loan, and offers to compensate her for her trouble and expense if she will go to Waverley and collect in this money in order to loan it to him. She hesitates to undertake the task on account of her ill health, but finally consents to make the effort for five per cent. on the amount. She goes to Waverley three times, hiring a conveyance each time ; sends a messenger twice ; collects money from four different persons ; is compelled to resort to borrowing to make up the full amount, and to apply to several persons before obtaining the loan ; and then finally completed the amount to be loaned to Cornell.

Her health having been injuriously affected by the travel and exertion involved in the business, which was more than she anticipated when she undertook it, she calls Cornell's attention to that fact, and suggests she ought to have increased compensation. Cornell admits the justice of the claim, and consents to increase the compensation to six per cent. The money is paid him, less the compensation agreed upon ($21.50), and the note is taken for the full amount, with interest.

The Plaintiff testifies, under objection, that her intention in stipulating for this sum reserved was to get compensation for her trouble and expenses in running about and collecting and borrowing the money, and that she did not take it for the use or forbearance of the money loaned.

The Court was asked, upon this evidence, to, direct a verdict for the Defendant, on the ground that, as matter of law, the defence of usury was established, and the question is fairly presented by the refusal of the Court so to direct a verdict, as also by the charge, of the Court, and the several refusals to charge, whether the, lender of money may lawfully receive from the borrower a reasonable compensation, in excess of interest, for services and expenditures in procuring the money to be loaned, provided the services were performed and the expenditures incurred at the request of the borrower, and upon his express promise to pay therefor.

Upon this question there can be no doubt. The compensation thus received is distinct from that agreed to be paid for the loan or forbearance of the money. The latter is interest, and cannot lawfully exceed seven per cent.; the former is a stipulated price for work, labor, and services done and performed, and for money paid, laid out, and expended. As such it constitutes a distinct demand, which might be recovered in a separate action if not included in the security taken for the principal debt. Indeed, in this case, there is no doubt, it might have been recovered in an action on the agreement, if the principal debt had not been increased; as if, for any reason, the Defendant had declined to accept the loan after the money had been raised for him by the Plaintiff.

In Harger v. McCullough (2 Denio, 119), a creditor had made a journey at the request of the debtor, and upon his promise to pay for the trouble and expense. For the purpose of effecting a settlement of the claim, a bill of exchange was taken in liquidation of the demand, in which was included, besides the amount of the debt, the sum agreed upon for the expenses of the creditor's journey. The defence of usury was interposed to an action on the bill. The Court, by BRONSON, Ch. J., said: "There was no usury. It (the sum added to the amount of the debt) was so much money paid, laid out, and expended for the Defendant, upon request, and was as much a debt as the original demand. It might have been recovered had no arrangement in relation to the original debt been made." The fact that an arrangement, ostensibly like that in the present case, is often resorted to as a device to cover the exac-

tion of usury, is no objection to the principle here announced. It is always a question for the jury, whether the agreement was a lawful or an usurious one. It is a well-known practice of money-lenders to attempt to cover usurious transactions by selling property of nominal value to the borrower, and including a substantial price therefor in the security taken for the loan. The device fails, where it is seen to be such, but no one questions that the price of property sold in good faith may be included in the same security with money loaned.

It is simply a question for the jury whether the sale was bonâ fide, and the price agreed upon was the actual value of the property, or whether the transaction was a mere device for obtaining usurious interest. (Rose *v.* Dickson, 7 Johns. 196.) And the fact that the price of the property was large, and more than it might have been obtained for, does not necessarily condemn the transaction as usurious. The question is as to the intent of the parties. (Sizer *v.* Miller, 1 Hill, 227.) And this might be true cause if the sale of the property was insisted upon as a condition of making the loan. In the numerous cases where the owners of real estate in growing communities cut it up into lots, and offer to purchasers to loan them money to be expended in improvements, the sale of the lots is a condition of the loan; but even though the price thus obtained for the property is larger than it would have brought but for the loan accompanying it, yet, if the transaction be in good faith what is here described, it would be absurd to pronounce it usurious.

So, too, the hiring of services may be made the condition of a loan of money. As where a clerk or salesman, having some capital and seeking employment, makes it a condition of loaning his money that he shall be employed at certain wages. The contract would not be usurious unless it should be found that the price put upon the services was, in fact, intended as a cover for obtaining unlawful interest for the money loaned.

In all these cases we arrive at one result, viz., that the character of the transaction depends upon the intention of the parties, and that is a question for the jury. The rule applies to the case at bar, and

the instruction given to the jury was strictly correct. The same reasoning also disposes of all the Defendant's exceptions to the several refusals of the Court to charge as requested. The only one of these exceptions which it can be necessary to notice further is that to the refusal of the Court to charge, "that if the extra money paid was, in the mind of the Plaintiff, an inducement to make the loan, it was usury." This might seem at first sight to be substantially equivalent to the proper item, that if the extra money was received by the Plaintiff in any manner as compensation for the loan, then it was usury. The latter is a correct proposition, and was in substance charged by the Court. But the proposition contained in the request to charge was a different one.

According to the testimony of the Plaintiff, which the jury seem to have believed, the extra money paid was in one sense an inducement to make the loan, and yet was not received, in any measure, as compensation for the use of the money. It was an inducement to make the loan, in that it induced the Plaintiff to incur the extra trouble and expense without which the loan could not have been made. But in this view, it was distinct from the compensation for the loan itself, and hence was not usury. This request to charge was, therefore, properly refused.

I do not think there was any error in the rulings of the Court in the admission of evidence. The subject of the Plaintiff's state of health, and of the effect upon it of her travel, and trouble in collecting the money to be loaned, entered into the negotiations between herself and Cornell in fixing the amount of compensation to be allowed her for her services, and so far it was a part of the res gestæ. She had a right to show, upon the trial, that her representations to Cornell in that respect were true, and that they were made in good faith, and not as a cover for enhancing the compensation to be allowed her for the use of her money. The same may be said of the admission of the Plaintiff's evidence that her money was already in safe hands. She had so represented the fact to Cornell as a reason why she should not undertake the task of collecting it for his accommodation, and her evidence that such was the fact bore upon the good faith of the transaction.

The only remaining question arises upon the admission of the Plaintiff's evidence as to what her intention was in stipulating for the extra compensation reserved, and here I cannot doubt the correctness of the ruling of the Court. We have seen that the whole case was resolved into a question of fact for the jury, viz., what was the intention of the Plaintiff in reserving this sum of $21.50? Not, it must be observed, whether she intended to take usury; for the law defines what usury is, and whether it be taken intentionally or ignorantly is immaterial. But whether it was intended as compensation for the loan, or as compensation for trouble and expense incurred in collecting the money to be loaned, was precisely the question of fact for the jury; and the law is now well settled, under the rule admitting parties to testify in their own behalf, that where the character of the transaction depends upon the interest of the party, it is competent, when that party is a witness, to inquire of him what his intention was. (Seymour *v.* Wilson, 14 N. Y. 567; Forbes *v.* Waller, 25 id. 430; Griffin *v.* Marquardt, 21 id. 121; McKown *v.* Hunter, 30 id. 625; Bedell *v.* Chase, 34 id. 386.) The answer to such question is, of course, not conclusive, but to be weighed and considered by the jury with the other evidence in the case, in passing upon the question of actual interest.

In this case, to find a verdict for the Plaintiff, under the charge of the Court, the jury must have found that the sum reserved by her upon the face of the note was taken exclusively for expenditures of time, services, and money in obtaining the money to be loaned to Cornell, without any intent to evade the statute against usury; that those expenditures were made at the request of Cornell, and upon his express promise to pay her therefor; and that the sum reserved was not more than a reasonable compensation for such expenditures. Such being the findings of the jury, and no error appearing in the rulings or the charge of the Court, the motion for a new trial was properly denied.

The order appealed from should be affirmed.

Judgment affirmed.

JOEL TIFFANY,
State Reporter.