ELIZA W. WHITE et al., Respondents, *v.* EDWARD M. BENJAMIN, Appellant.

Where usury is pleaded as a defense to an obligation to pay money, as the presumption is against such a violation of law, the defendant must establish it by clear and satisfactory evidence; all the facts constituting the usury must be proved with reasonable certainty; they cannot be established by mere surmise and conjecture, or by inferences entirely uncertain.

The mere fact that the debtor has at various times paid upon the obligation more than the legal rate of interest is not sufficient; it must appear that such payments were made pursuant to a usurious agreement.

Where the debtor, from motives of gratitude or generosity, voluntarily, and not in pursuance of a usurious agreement, pays more than the legal rate of interest, he is not entitled to have such overpayments credited as payments upon the obligation.

(Argued April 13, 1893; decided April 25, 1893.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made April 13, 1892, which overruled defendant's exceptions, and directed judgment for plaintiffs on verdict directed by the court.

This was an action upon a promissory note.

The plaintiffs allege in their complaint that on the 1st day of January, 1884, the defendant made and delivered to James L. White his promissory note for $100,000, payable in eighteen months from the date thereof; that James L. White died on the 1st day of May, 1884, leaving a will which was admitted to probate, in which John J. White was named executor, and that letters testamentary thereon were issued to him; that on or about the 1st day of January, 1885, John J. White, as executor, surrendered that note to the defendant, and that the defendant then executed and delivered to him as such executor, in place thereof, his promissory note for $100,000, payable eighteen months after the date thereof; that thereafter John J. White, as executor, transferred and assigned the note to these plaintiffs, and that they became the true and lawful owners thereof; that there was due on the note the sum of $100,000, with interest from the 1st day of January, 1889.

The sole defense which the defendant makes to the note is that it originated in an usurious agreement between him and James L. White, and he claims that the note, on account of such usurious agreement, is invalid.

The following is the opinion in full:

" Usury is a crime, and he who alleges it as a defense to an obligation to pay money must establish it by clear and satisfactory evidence. He enters upon the defense with the presumption against the violation of the law and in favor of the innocence of the party charged with the usury. He cannot properly claim to have the usury inferred where the evidence is inconclusive and just as consistent with the absence as with the presence of usury. It is a just requirement that all the facts constituting the usury should be proved with reasonable certainty, and that they shall not be established by mere surmise and conjecture, or by inferences entirely uncertain. (*Matter of Consalus*, 95 N. Y. 340; *Stillman*

v. *Northrup*, 109 id. 473; *Baldwin* v. *Doying*, 114 id. 452.)

" We have carefully scrutinized the evidence in this case and we do not find any certain or satisfactory proof that there ever was a usurious agreement between James L. White and the defendant, by which the former exacted of the latter more than the legal rate of interest as a condition of any of the loans which finally entered into the note in suit.  There is some evidence from which it could be inferred that the defendant at various times paid to Mr. White more than the legal rate of interest; but it does not appear that such payments were made in pursuance of a usurious agreement.  It is fairly inferable from all the evidence that the payments were voluntarily made by the defendant and not in pursuance of any exaction made by Mr. White at the time of the loan of money.  There seems to have been various business transactions between White and the defendant, and we have no means of knowing the precise bearing of many of the payments which are alleged to have been for excessive interest. It would be a useless labor now to analyze all the evidence and attempt to show the bearings of it.  It is sufficient to say of it that it is not of such a satisfactory character as would have authorized the jury, if submitted to them, to find that the note in suit, or any one of the notes which preceded it, was given in pursuance of a usurious agreement.

" James L. White having died long before the commencement of this action, and the defendant claiming that the usurious agreements were made with him, he attempted in various ways to give evidence tending to establish such agreements; and there were many objections to evidence which he offered to give on the ground that it would violate section 829 of the Code. We have carefully examined the objections, and without calling particular attention to them we are satisfied that that section was fairly enforced at the trial and that none of the evidence which the defendant offered to give was erroneously excluded under that section.

" The defendant setting up the defense of usury more than five years after the death of Mr. White, in the meantime having paid the annual interest upon the note, and for the

first time alleging the usury when called upon to pay the principal, cannot justly complain if the rules of evidence established for the protection of the estates of the dead are rigidly applied and wisely and discreetly enforced to that end.

" The defendant claims that the first note for $100,000 was given by him to Mr. White, January 1st, 1881, and that that note was annually renewed by him, the last one having been given to Mr. White January 1st, 1884, and then the note in suit having been given to his executor January 1st, 1885. The annual interest upon these notes at the rate of six per cent was paid to January 1st, 1889. The defendant claims that the first of these notes was given under an agreement with Mr. White that he should in addition to the lawful interest receive twenty per cent of the profits of the business in which the defendant was engaged, and that he paid him that share of the profits during his lifetime. There is no evidence tending to show that these payments were made in pursuance of a usurious agreement or exaction. For aught that appears, they may have been rightfully made under some lawful agreement with Mr. White and upon some lawful consideration. It cannot be presumed that they were unlawful and usurious. Even if they were voluntarily made by the defendant from motives of gratitude or generosity, and not for the loan or forbearance of money, he could not at any time have recovered them back under the statute (R. S. part 2, chap. 4, title 3, § 3), and he could not ask to have them credited as payments upon this note. Before the defendant could properly claim to have such payments credited as payments upon this note, he was bound to show that they were usurious, and this he failed to do.

" On the whole record we think no error was committed prejudicial to the defendant, and that the judgment should be affirmed, with costs."

*J. Hampden Dougherty* for appellant.

*William C. Beecher* and *Alexander B. Simonds* for respondents.

EARL, J., reads for affirmance.

All concur, except MAYNARD, J., not voting.

Judgment affirmed.