## COURT OF APPEALS,
### March 11, 1913.

# THE PEOPLE v. GUS A. YOUNG, ET AL.

### (207 N. Y. 522.)

(1.) USURY.*

Upon the trial of an indictment charging defendants with a violation of section 314 of the Banking Law (Cons. Laws, ch. 2) in having charged and received usurious interest, the complainant, on his direct examination, was questioned as to what happened at the office of defendants when he obtained the loan, and it appeared that whatever occurred on that occasion took place between him and persons other than the defendant. The questions were objected to on the ground that no connection had been shown with the defendants. *Held*, untenable where there was other undisputed evidence in the case from which the jury might justly infer that what was done on that occasion was with the sanction of both defendants.

(2.) UNINCORPORATED ASSOCIATION WHICH LOANS MONEY ON WAGES, ETC., NOT A BANKER.

An unincorporated association whose sole business is that of loaning money upon assignments of wages, and upon chattel mortgages, is not a banker within any definition of that term known to the law. The individual members of such an association, therefore, are not protected from prosecution for usury under section 314 of the Banking Law, by section 74 of said law, the effect of which limits a recovery for usury against state banks and private and individual bankers to double the amount of the interest.

(3.) USURY—PROSECUTIONS UNDER SECTION 314 BANKING LAW.

The provisions of the General Business Law (Cons. Laws, ch. 20, §§ 376, 382) to the effect that restitution of moneys or property illegally received shall be a bar to further penalties, are not available in behalf of a person prosecuted under section 314 of the Banking Law.

*People v. Young*, 153 App. Div. 567, affirmed.

---

* See Note, vol. 28, page ——.

(4.) SAME—SUFFICIENCY OF INDICTMENT.

> Objections to the indictment upon the grounds that the first count thereof does not state a crime; that both counts are defective because thy fail to state the time when the act was committed, and that more than one crime is charged therein, examined and over-ruled.

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered November 13, 1912, which affirmed a judgment rendered at a Trial Term upon a verdict convicting the defendants of a violation of section 314 of the Banking Law in charging and receiving usurious interest upon a loan of money amounting to less than $200.

The facts, so far as material, are stated in the opinion.

*Charles A. Dolson* for appellants. Both counts of the indictment are defective because they do not state the time when the act was committed. (People v. Olmstead, 74 Hun 325.) More than one crime is charged in the indictment within the meaning of sections 278 and 279 of the Code of Criminal Procedure. (People v. O'Donnell, 46 Hun 358; People v. Gibson, 191 N. Y. 227, 22 N. Y. Crim. 188; U. S. v. Fero, 18 Fed. Rep. 901; People v. Upton, 38 Hun 107.) Immunity from punishment under section 314 of the Banking Law is expressly given to these defendants by the Banking Law itself. (U. S. R. S. §§ 5179, 5198; Schlesinger v. Gilhooley, 189 N. Y. 1; Perkins v. Smith, 116 N. Y. 144; Matter of Wiles' Sons, 133 Fed. Rep. 565; Lynd v. Grant, 13 N. Y. Supp. 533; Hawley v. Kountz, 16 Misc. Rep. 249; Hessberg v. Matter, 64 Misc. Rep. 97; Matter of Thornburgh, 72 Misc. Rep. 619.) Defendants repaid the money illegally received prior to the trial and this is a bar to further punishment. (Scharff v. Frost, 198 N. Y. 110; *People ex rel. Sturgis v. Fallon*, 152 N. Y. 1.)

*Wesley C. Dudley* for respondent. Both counts of the in-

dictment are valid because they state the time when the act was committed according to the law. (Code Crim. Pro. § 280; People v. Jones, 129 App. Div. 772.) Only one crime is charged in the indictment within the meaning of sections 278 and 279 of the Code of Criminal Procedure. (People v. Wilson, 151 N. Y. 430.) Section 314 of the Banking Law grants no immunity from punishment to these defendants. (Caponigri v. Altieri, 29 App. Div. 306; Barnet v. Nat. Bank, 98 U. S. 555.)

WILLARD BARTLETT, J. The defendants were indicted for a violation of section 314 of the Banking Law; that section is contained in article X, which was added to the statute in 1895, and is entitled " Personal Loan Associations." The article is restricted in its operation to such counties of the state as contain or are contained in an incorporated city, except the county of Monroe and the county of Westchester. It provides for the organization of corporations for the purpose of aiding persons in need of pecuniary assistance by loans of money not exceeding $200 upon the pledge or mortgage of personal property and permits such corporations to charge interest at a rate not exceeding two per centum per month. The article ends with section 314, which is entitled " Prohibitions." That section provides: " In any such county [to wit, those to which the article applies] no person nor corporation, other than corporations organized pursuant to this article, shall, directly or indirectly, charge or receive any interest, discount or consideration greater than the legal rate of interest upon the loan, use or forbearance of money, goods or things in action less than two hundred dollars in amount or value or upon the loan, use or sale of personal credit in any wise where there is taken for such loan, use or sale of personal credit any security upon any household furniture, apparatus or appliances, sewing machine, plate or silverware in actual use, tools or implements of trade, wearing apparel or jewelry." Any person and the sev-

eral officers of any corporation who shall violate the foregoing prohibition are declared to be guilty of a misdemeanor; but licensed pawnbrokers are excluded from the operation of this section which is also declared not to affect the validity or legality of any loan exceeding two hundred dollars in amount.

The indictment in the present case which was found in the County Court of Erie county and transferred to the Supreme Court contains two counts. The first count accuses the defendants of having charged one Samuel J. Reed usurious interest in the sum of $12.60; while the second count charges the defendants with having received such usurious interest. There was a demurrer to the indictment which was overruled and the notice of appeal states that the defendants will bring up for review the judgment and order overruling the demurrer.

After the demurrer was disposed of the defendants pleaded not guilty and upon that issue they were tried and convicted. The judgment upon the conviction has been unanimously affirmed by the Appellate Division in an opinion written by Mr. Justice LAMBERT.

In order to understand the legal questions presented upon the appeal a short statement of the facts is necessary.

In 1910 and 1911 a number of persons calling themselves the State Loan and Realty Association, but not organized as a corporation, carried on the business of loaning money in the city of Buffalo. The defendant Young was the manager of this association and the defendant Mealy was one of the collectors. The complainant, Samuel J. Reed, applied to the association on December 21, 1910, for a loan of $25. The transactions were had with a person at the office of the association whose name he was unable to give but who was not one of the defendants. He signed three or four papers which he left at the office and received a loan of $25. These papers were introduced in evidence as exhibits but they are not set out in the record and the only knowledge we have of their contents is de-

rived from reference to them in the course of the testimony and from statements contained in the appellants' brief. According to the appellants' brief one of the papers executed by Reed was a power of attorney to the defendant Young authorizing him to assign Reed's wages due or to grow due on account of work done for any firm, corporation or individual. The defendant Young, as authorized by this power of attorney, thereafter executed an assignment of Reed's wages and some person other than Young, whose name was not disclosed in the proof, mailed a copy of the assignment to the Wickwire Steel Company by which Reed was employed. The defendant Mealy subsequently in behalf of the State Loan and Realty Association collected from the Wickwire Steel Company a sum of money which was in excess of the legal rate of interest upon a loan of $25.

Subsequently to these occurrences the defendant Mealy assuming to act in his own behalf and that of Young authorized an attorney named Sheldon to call upon Reed, the complaining witness, and repay to him the excess of interest amounting to $12.60. This Sheldon did.

The unanimous affirmance relieves us from the necessity of inquiring whether there was any evidence to support the conviction, but there are certain exceptions to the admission of evidence in the record which compel us to look into the testimony to some extent. These exceptions are all of the same character. Upon the direct examination of the complaining witness, Reed, he was questioned in regard to what happened when he obtained the loan at the office of the State Loan and Realty Association, and it appeared that whatever occurred at the office on that occasion took place between him and persons other than the defendants—although he testified that the defendant Mealy was present in the office. Objection was made to this line of questions on the ground that no connection had been shown with the defendants, as, for example, when the wit-

ness was asked how much he borrowed, counsel for the defendants objected " until they connect one of the defendants with the transaction." This objection was overruled and an exception was taken. Again we find: " Q. Tell how much you borrowed? Objected to unless he connects these defendants with it, and I object on behalf of each of them. Objection overruled. Defendants except." There was considerable more testimony of the same sort admitted over objection and exception which would clearly present a case of error requiring a reversal unless other proof had been introduced showing that the defendants were really responsible for what occurred on this occasion. I think that the necessary connection was supplied by the uncontradicted testimony that Mr. Young was the manager of the State Loan and Realty Association; by the proof that the power of attorney to assign the complainant's wages was given to the defendant Young and the admission that he executed the assignment as thereby empowered; and by the joint action of both defendants in returning the usurious interest to the borrower. As to the last point, the defendant Mealy testified explicitly to the effect that the defendant Young on his own and Mealy's behalf gave to Theodore Sheldon, the attorney for the State Loan and Realty Association, $12.60 to be given to the complainant Reed. He furthermore testified as follows: " Did you and Mr. Young authorize and tell Mr. Sheldon to make that payment for you? A. Yes, sir. Q. Both of you? A. Yes, sir." In short I think the jury were justified in inferring from the other undisputed evidence in the case that what was done in the office of the State Loan and Realty Association between the complainant Reed and the persons there when Reed obtained the usurious loan was done with the sanction of both defendants. This being so, the objections and exceptions to which I have referred, based on the alleged failure to connect these transactions with the defendants, are clearly untenable.

The appellants contend that they are protected from prosecution for usury under section 314 of the Banking Law by reason of the fact that they are " private bankers " and, therefore, within the immunity afforded to every " bank and private and individual banker " by section 74 of the Banking Law itself which section was originally revised from chapter 409 of the Laws of 1882 and the true intent and meaning of which was declared to be " to place and continue banks and private and individual bankers on an equality " with national banks under the Federal laws.   The effect of this legislation, as is well known, was and is, to place state banks and private and individual bankers within the state on the same footing as national banks in respect to usurious loans or discounts; so that only double the amount of the interest is recoverable in such cases but the entire loan is not rendered void by reason of the usury. The meaning of the terms " individual banker " and " private banker " was considered by the Second Division of this court in Perkins v. Smith (116 N. Y. 441, 448) where it was held that the term " individual banker " denoted a person who having complied with the statutory requirements has received authority from the banking department to engage in the business of banking; while private bankers " are persons or firms engaged in banking without having any special privileges or authority from the state."   It seems to me that it is almost preposterous to claim that the State Loan and Realty Association or these defendants as its agents can be regarded as bankers in any sense.   The business of the association was loaning money. This is stated over and over again in the record.   So far as the specific nature of the loans is concerned the only kind referred to in the case are loans upon assignments of wages and loans upon chattel mortgages.   An unincorporated association which does business of this sort and nothing else is not a banker within any definition of that term known to the law.

In the case of People v. Shultz (206 N. Y. 627), recently decided in this court without opinion, we affirmed a judgment in the second department affirming the conviction of the defendant for a violation of section 314 of the Banking Law. That defendant was an employee of the very same concern which appears in this case, the State Loan and Realty Association; and our affirmance of that judgment was necessarily a determination that the defendant therein was not entitled to immunity as a private banker. The view which prevailed with us there was the same which I have suggested here, that is to say, that the persons concerned in this kind of loan business are not bankers in any sense.

The other claim of the defendants to immunity rests upon section 376 of the General Business Law. That section is contained in article 25 of the statute, which is entitled " Interest and Usury." The article prescribes the rate of interest, forbids the taking of any greater sum, declares usurious contracts to be void, prohibits corporations from interposing the defense of usury and in section 376 provides as follows: " *Return of excess a bar to further penalties.*—Every person who shall repay or return the money, goods or other things so taken, accepted or received, or the value thereof, shall be acquitted and discharged from any other or further forfeiture, penalty or punishment, which he may have incurred, by taking or receiving the money, goods or other things so repaid, or returned, as aforesaid." This is followed by other sections providing that the borrower bringing an action need not offer to repay, prescribing the amount of brokerage which may be charged upon loans and empowering persons who have been overcharged to bring suits to recover the excess. Finally at the end of the article we have a second enactment in reference to restitution in section 382 which provides as follows: " *Restitution a bar to further penalties.*—Upon the repayment and return of the money, property or other thing so illegally received, with the

payment of the costs of such suit, the person making such
return shall be acquitted and discharged from any other pun-
ishment, forfeiture or penalty, which he may have incurred by
reason of having so illegally received such money, property or
other thing so returned."

It is a rather remarkable fact that there should be these two
similar provisions as to restitution in such close proximity to
one another in the same statute. This has led Mr. Justice LAM-
BERT in the opinion of the Appellate Division to make the sug-
gestion that each of these sections respecting restitution may
be deemed to be limited in its application not only to the for-
feitures, penalties and punishments specified in the article in
which they occur, but to such of those only as immediately pre-
cede such sections. There is much force in this suggestion.
Furthermore, article 25 of the General Business Law, relating
to interest and usury, is derived from the Revised Statutes and,
notwithstanding the use of the word " punishment " in these
two sections relating to restitution, makes no other reference
whatever to usury in its criminal aspect. On the other hand,
the article containing section 314 of the Banking Law which
provides for the organization of corporations to make loans of
less than $200 at the rate of two per cent a month, is recent
legislation designed to remedy a well-known evil, and it would
be wholly inconsistent with the object of such legislation to
provide, after declaring a violation of the article to be a mis-
demeanor, that the offender could relieve himself from punish-
ment at any time before the actual rendition of judgment
against him by simply repaying the sum which he had unlaw-
fully exacted. I think that the phrase " forfeiture, penalty or
punishment " contained in section 376 of the General Busi-
ness Law, relative to restitution, comprises only such forfeitures,
penalties or punishments as are mentioned in the Business
Law itself, and at all events the provisions concerning restitu-
tion, which have been quoted, are not available in behalf of a
person prosecuted under section 314 of the Banking Law.

It is necessary to notice the points in the appellants' brief arising on the demurrer. It is contended that the first count of the indictment does not state facts sufficient to constitute a crime. This count alleges that the defendants on the 21st day of December, 1910, loaned one Samuel J. Reed the sum of $24.50, and between the said 21st day of December, 1910, and the 3d day of March, 1911, did wrongfully and unlawfully charge the said Samuel J. Reed an interest and discount thereon in the sum of $12.60. It is argued that this means that the loan was made first and the usurious interest was charged afterward and not as a condition to the loan. I think this is a manifest perversion of the meaning of the pleader and that it requires no further attention. The same is true of the proposition that both counts of the indictment are defective because they do not state the time when the act was committed. They state the time with sufficient definiteness, and there is no claim that the defendants have been misled. The third proposition arising under the demurrer is that more than one crime is charged in the indictment. The answer to this objection is that the substantive crime charged is usury in violation of section 314 of the Banking Law. That crime may be committed in several ways: 1, by charging usury; 2, by receiving usury, and, 3, by both charging and receiving usury. The two counts in this indictment merely charge the commission of usury in violation of section 314 of the Banking Law committed in different ways, that is, by different means, and this is permitted by section 278 of the Code of Criminal Procedure, which provides that the indictment must charge but one crime and in one form, *except where it may be committed by different means.* Furthermore, if we assume that the two counts charge different crimes, it is still allowable to join different crimes in the same indictment by separate counts when they all relate to the same transaction. (People v. Wilson, 151 N. Y. 403, 12 N. Y. Crim. 116.) In the case cited it was held that separate counts for

burglary, larceny and receiving stolen goods might be joined in the same indictment when they were all founded upon the same transaction and the acts charged related to the same property.

The indictment is good; the case was tried without legal error; the unanimous affirmance is conclusive upon the sufficiency of the evidence to sustain the verdict, and it follows that the judgment of conviction must be affirmed.

CULLEN, Ch. J.  I concur in the opinion of WILLARD BART-LETT, J., but as to the claim of the appellants that they are exempted from the provision of the usury laws by section 74 of the Banking Law, I have this to add:  The claim is that the business of loaning money of itself constitutes the lender a private banker, and Matter of Samuel Wildes' Sons (133 Fed. Rep. 565) is cited to support the contention.  If this definition of a private banker is accepted, I am of the opinion that the immunity afforded by the statute to such bankers is a denial of the equal protection of the law guaranteed by the Federal Constitution.  Undoubtedly classification in state legislation does not render the legislation invalid, but to justify a classification there must be " enough reason for it to support an argument, even if the reason is unsound."  (People ex rel. Farrington v. Mensching, 187 N. Y. 8, 22; Matter of City of New York, 190 id. 350.)  The exemption of incorporated banks and individuals bankers as defined by the statute may be upheld on the ground that the conduct of such banks or bankers is regulated by law and is under the supervision of the banking department, while they are also subject to restrictions not imposed on private persons.  But an enactment that prescribes that a person who commits a single specified act commits a crime, while another who does the same thing habitually as a business is not guilty, is utterly devoid of reason to support the distinction. Legislation cannot prescribe that the professional pick-pocket or burglar shall be exempt from punishment, while one who

commits a single act of either character is guilty of a crime. A law to the contrary is valid—professional criminals can be punished more severely for an offense than other persons. (People v. Sickles, 156 N. Y. 541, 13 N. Y. Crim. 277.)

GRAY, HISCOCK, CUDDEBACK, HOGAN and MILLER, JJ., concur with WILLARD BARTLETT, J., and CULLEN, Ch. J.

Judgment of conviction affirmed.