JEFFERSON TITLE AND MORTGAGE CORPORATION, Plaintiff, *v.* ELIZABETH B. DEMPSEY and Others, Defendants.*

Supreme Court, Bronx County, March 2, 1934.

---

* Affd., 242 App. Div. 626.

*Harry J. Hill* [*Clinton T. Taylor* of counsel], for the plaintiff.

*William A. Jones, Jr.*, for the defendant Elizabeth B. Dempsey.

McLaughlin, J. This action is brought to foreclose a mortgage of $30,000 upon property situated in Bronx county. The defendants admit the existence of the mortgage and defaults in payments but set up an affirmative defense of usury. The usury claimed is that the expenses charged were merely a cloak for the obtaining of a greater interest than that permitted by the General Business Law (§ 370 *et seq.*). The basis of this claim is found in the fact that the plaintiff charged six per cent for expenses, while the defendants contend that three per cent would constitute the full lawful charge for such expenses. As is usual in many of these cases, the defendants accepted the loan and the money was used to finance their property. Usury is first brought into the case after the defaults by the defendants. The burden of showing not only the taking of more than is permitted by statute, but showing that the taking was intentional, rests upon the defendants. (*Valentine* v. *Conner*, 40 N. Y. 248; *Meaker* v. *Fiero*, 145 id. 165.)

The defendants on the trial showed the payment of $1,800, or six per cent of the mortgage of $30,000, to the plaintiff. They also produced testimony showing that the usual and proper charge in Bronx county would be $900, or three per cent of the amount of the mortgage. There is testimony on behalf of the plaintiff that in Westchester county, where this loan was arranged and made, it was usual and customary to charge six per cent.

The plaintiff claims that it charged the $1,800 as a fee for its expenses. I have gone over the testimony of the defendant William Dempsey very carefully, and he says in one part of his testimony: " He charged me $1,800 fee for them giving me the mortgage." Again the following question was asked and answered: " Q. Did they tell you the purpose of that $1,800? A. They said it was their fee." The testimony of this defendant does not enlighten the court on this subject in so far as details are concerned. It does not directly contradict the plaintiff's witnesses. Neither the

word " bonus " nor any similar word was used. Reading such testimony, together with that of plaintiff's witnesses, it is plain that those parties agreed to the payment of this amount as fees for expenses. That there may be such an agreement without violating the usury statute has been made very clear by the appellate courts.

" I suppose that there is no question that a lender by agreement with the borrower has a right to deduct from the amount to be paid by him on a loan actual expenses incurred in making the loan and such sums as will meet future expenses in connection therewith reasonably and honestly to be anticipated, even though in the latter case the borrower should be ultimately entitled to return of all or part of the sum so retained if the anticipated expenses did not actually accrue. (*Harger* v. *McCullough*, 2 Den. 119; *Thurston* v. *Cornell*, 38 N. Y. 281; *Houghton* v. *Burden*, 228. U. S. 161; *Matter of Mesibovsky*, 200 Fed. Rep. 562.) If a deduction be made professedly for such a purpose, but really as a mere pretense and cover and with the intent to secure illegal interest, the act will produce usury. But such an act and deduction are not necessarily usurious; there is no presumption of an illegal or usurious intent and the burden rests upon the party seeking to impeach the transaction for usury to prove the illegal intent and that the transaction is a cover for usury." (*Brown* v. *Robinson*, 224 N. Y. 301, 314.)

I think it is established as a fact in this case that there was no usury, nor did the parties intend that usury be charged.

" Undoubtedly under the general usury laws of the state a requirement that the borrower shall pay the costs of having the title of mortgaged property examined and other expenses attendant on the loan does not render the loan usurious. Such is the universal practice that has obtained from time out of mind. Therefore, if the validity of the loan depended on those statutes, the defense would not be established as a matter of law. It is true that payment might be exacted from the borrower under the guise of defraying the expenses of a loan which in reality was a mere cover for usury. In such case the form of the transaction would not save it from illegality, but whether the exaction was in this case a cover for usury or not was a question of fact." (*London Realty Co.* v. *Riordan*, 207 N. Y. 264, 266.)

On the evidence in this case the facts show that beyond the amount of the charges (six per cent instead of three per cent for expenses) there is absolutely not a scintilla of proof adduced by the defendant. That usury was not intended is apparent from the fact that no attempt at subterfuge was made in asking and

obtaining the six per cent charge. If usury were intended, the reasonable probabilities are that a scheme would have been resorted to in order to give a cloak of legality to the transaction. Here we have the contrary. Both parties agree that the six per cent charge was for expenses. At most, the defendant can only question the reasonableness of the charges for expenses.

The question always to be determined by the trier of the facts in defenses setting up usury is what was the intention of the plaintiff in taking this $1,800. Did it intend to take usury? Or was it to compensate the plaintiff for expenses to be incurred in running its business and placing this loan? There is no testimony to show that it was for usury, but on the contrary all the testimony, including that of the defendant William Dempsey, shows that this money was for expenses. I feel that under these circumstances no usury has been shown. (*Thurston* v. *Cornell*, 38 N. Y. 281.) Moreover, the defendants leave everything to inference. They argue that because more was charged than six per cent per annum, that of itself makes usury. In view of the testimony by the plaintiff's witnesses this inference does not sustain the claim of usury by clear and satisfactory evidence. (*White* v. *Benjamin*, 138 N. Y. 623, 624; *Stillman* v. *Northrup*, 109 id. 473, 478.) The burden is always upon the one alleging usury to prove guilty intention and that the taking of the fee was the cover for charging usurious interest. (*Rosenstein* v. *Fox*, 150 N. Y. 354.) Here we have no proof on behalf of the defendant to show usury except the taking of the fee and I do not believe that the defendants have sustained the burden the law has placed upon them. They point to the claim of the plaintiff and say that it is impossible and unbelievable. The most that may be said against the plaintiff's claim as to expenses is that it is unusual. Assuming that to be so, nevertheless that does not make it unbelievable.

They claim that three per cent charge is lawful and yet they say six per cent is unlawful. In view of the lack of proof on the part of the defendants I am inclined to take the plaintiff's claim, since the only statement by the defendants is not contradictory of plaintiff's claim. It is the duty of the court always to see that the defense of usury is established by clear and convincing proof.

" There is no presumption that a contract is illegal or criminal The illegality, if alleged, must be established by proof." (*Meaker* v. *Fiero, supra*, 170.)

Thus it is that the proof of intent is lacking. The only evidence of intent in this case is that of the plaintiff's witnesses. Nor is there any contradiction of this by the defendants. Both parties must intend that usury is to be exacted.

" To constitute usury it must be shown that the additional interest is paid or retained in pursuance of a mutual agreement between the parties." (*Morton* v. *Thurber*, 85 N. Y. 550, 556.)

It may be that the plaintiff was overcharging the defendants, but that would not of itself be usury. (*Morton* v. *Thurber*, *supra;* *Guggenheimer* v. *Geiszler*, 81 N. Y. 293.)

It is also quite clear that any claim of usury has been waived and relinquished. The mortgage sought to be foreclosed herein is not the original mortgage transaction between the parties. It is $7,000 less in amount and covers less property because two lots have been taken from it. Assuming for the sake of argument that there was usury in the original mortgage, does it remain charged with this through any number of additional and separately executed agreements between the parties? What is the result of the agreement reducing the amount of the loan and changing the property given as security? Let us examine into the question whether the defendants have not ratified the alleged usurious contract by a new and unassailable contract on their part. The Court of Appeals has long since said that a usurious transaction may be ratified and made valid. (*Smith* v. *Marvin*, 27 N. Y. 137.) This doctrine has recently been reiterated by the Appellate Division as follows: " The rights springing from the statute are personal, the same as the rights of a borrower under the Statute of Usury, and they can be waived or relinquished in the same way." (*Matter of De Lamar*, 203 App. Div. 638, at p. 641; affd., 236 N. Y. 604.)

I can see no distinction between *Smith* v. *Marvin* (*supra*) and this case in so far as principle is concerned. There the parties came together and said in effect we have an account stated. This was acquiesced in for two years. What difference is there from this case? Here also the parties got together, agreed on what was due the plaintiff, and then the defendants, to show that they were indebted to plaintiff in that amount, paid $7,000 and obtained the release of two lots. By their acts of payment and ratification I believe they have waived any alleged usury.

Moreover, the Legislature in declaring contracts void for usury indicated a remedy which the plaintiff took advantage of before the trial (Gen. Business Law, § 376). An actual and unconditional tender and surrender in writing of more than the amount claimed to be usurious, together with interest amounting in all to $1,561.97, was made and it was again offered at. the trial. The defendants make a sweeping statement that a tender under section 376 refers solely to penalties and does not apply to or affect section 373 of the General Business Law. The argument would appear to be specious. The penalties of forfeiture and declaring the contract

void are those prescribed by the terms of section 373, and these penalties are relieved by the terms of section 376. Both sections are parts of article 25 and refer to the same subject-matter, to wit, taking more money by way of interest than is permissible by the sections of this article. The case of *Curtiss* v. *Teller* (157 App. Div. 804; affd., 217 N. Y. 649) has been cited by defendants as controlling. I do not believe that it is, because it appears to be in conflict with the principle expressly laid down in the case of *People* v. *Young* (207 N. Y. 522). In the *Curtiss* case the sale of secutities was involved as well as the action of plaintiff's agent, and the court held that under the circumstances the tender should have included the amount of the value of the stock. The opinion in the Appellate Division bears out the contention of the defendants, but there is no opinion on the affirmance in the Court of Appeals. This opinion is in conflict with the expressed opinion of the Court of Appeals in *People* v. *Young* (207 N. Y. 522). This case holds a different view than *Curtiss* v. *Teller* (*supra*). In the *Young* case the opinion states that this section 376 is in amelioration, as it were, of the effects of section 373. *Curtiss* v. *Teller* holds that there is nothing in section 373 that section 376 affects. The reasonable opinion for a court at Special Term to follow would appear to be *People* v. *Young* (*supra*). Any such contention here would render the provision of section 376 nugatory and ineffective for the purpose for which it was written. In *Matter of Baker* (77 Misc. 90, 94) the court held that all that was required was the " actual and unconditional surrender of the usurious premium." That is what the plaintiff has done in this case. Judgment for plaintiff. Submit findings of fact and conclusions of law and judgment accordingly on notice.