' THE BOWERY SAVINGS BANK, Respondent, v. JANET W. NIRENSTEIN and Another, Appellants, and Others, Defendants.— Action to foreclose mortgage on real property. Defense of usury. Order striking out amended answer of defendants Nirenstein and granting plaintiff judgment of foreclosure and sale affirmed,

with costs, on the following grounds: 1. The payment to the Equitable Mortgage Company by the mortgagor of items aggregating $580.90 at the time of the extension of the mortgage was not, in our opinion, usurious, but was a reasonable charge for services and disbursements in connection with the extension agreement. 2. Even if there was usury at the time of the execution of the said extension agreement between the Equitable Mortgage Company and the mortgagors, defendants Nirenstein, such usury did not invalidate the original bond and mortgage and is no defense against the plaintiff, the assignee of said mortgage subsequent to the execution of said extension agreement, without notice of such alleged usurious payment. 3. Under sections 376 and 382 of the General Business Law, the Special Term had power to make the order fixing the amount of the alleged usurious payment, and, upon payment or a legal tender of the amount so fixed, to strike out the amended answer and to grant plaintiff the usual judgment of foreclosure and sale. (*Brown* v. *Robinson*, 224 N. Y. 301; *Eldridge* v. *Reed*, 32 N. Y. Super. Ct. 155; *Hartley* v. *Eagle Insurance Co.*, 222 N. Y. 178; *Jefferson Title & Mortgage Corp.* v. *Dempsey*, 153 Misc. 32; affd., 242 App. Div. 626; *Real Estate Trust Co.* v. *Keech*, 69 N. Y. 248; *People* v. *Young*, 207 id. 522.) Scudder and Tompkins, JJ., concur; Lazansky, P. J., and Hagarty, J., concur in result; Davis, J., dissents and votes for a reversal of the order and judgment on the ground that the issue of usury should be tried.