Frank A. Gulotta, J.
This is an action to foreclose a mortgage given by the defendants as collateral security for their written personal guarantee of a corporate obligation. The defense of usury has been interposed.
In support of their defense defendants have endeavored to prove that the loan was in fact made to these defendants personally but that the corporate form was used as a disguise so that a rate of interest in excess of the legal rate might be exacted.
The facts and proof do not support defendants’ position. The New Hyde Park Auto Covers, Inc. was incorporated in or about *408 June or July, 1956, and conducted a gasoline service station and auto seat cover business at 720 Hillside Avenue, New Hyde Park. Sometime in 1956, defendants entered into a transaction similar to the one now in dispute. At that time the South Shore Securities Co., with which this plaintiff was affiliated, lent to the New Hyde Park Auto Covers, Inc. some $5,000. The corporation executed its notes for repayment of the loan, in addition to a chattel mortgage on its station and fixtures, these defendants and another officer and stockholder of the corporation (Murray Mintzer) executed personal written guarantees for the repayment of said sums and in addition thereto each gave a mortgage on his home as security for the payment of the guarantee. No question of usury, personal obligation or corporate disguise was ever raised by these defendants.
In June, 1957, plaintiff testified that the defendant Frank Weissman called and said another $3,000 was needed for the business, and asked whether plaintiff would lend it. Plaintiff said that since the prior loan was being paid off promptly he would be willing to make this loan on the same terms. Defendant stated that Mintzer might be leaving the business and asked if it would be satisfactory if only he and his wife guaranteed the loan and gave a mortgage on their home. To this plaintiff assented. At a meeting for the purpose of closing the loan plaintiff gave his check in the sum of $3,000 made payable to New Hyde Park Auto Cover, Inc. In turn, the latter corporation by Frank Weissman, executed and delivered to plaintiff a series of 15 promissory notes and a chattel mortgage covering the gasoline service station and its equipment. In addition therto, Frank Weissman, individually, indorsed said notes and together with his wife, Frieda Weissman executed and delivered a personal guarantee of payment, in writing, of said corporate obligation and a mortgage on their home to further secure payment of said corporate obligation.
The $3,000 check was deposited in the corporate account. The notes were made payable at the bank where the corporation had its account. The first three notes were paid from corporate funds. Prior to the fourth note coming due defendant Frank Weissman contacted plaintiff, told him the corporation was selling its business, that plaintiff would be paid in full and to prepare all necessary papers. Plaintiff’s attorney appeared at the proposed closing with all necessary documents but the sale was adjourned and subsequently did not take place.
When the fourth note fell due on October 10, 1957, it was aot honored and a check given by the corporation thereafter was *409 returned for insufficient funds. This action was begun some months thereafter.
It was testified by defendant Frank Weissman that he and Murray Mintzer were each, at the times of these loans and to the present, the owners of 50% of the stock of the corporation and officers thereof. Mr. Mintzer was also present at the closing of the loan but he did not testify upon the trial, and if the facts were as claimed by defendant Frank Weissman, an explanation of the failure to produce him is called for. While defendant offered to testify that these funds were for his personal use, the best evidence would have been the production of corporate records showing an immediate withdrawal and personal use of those funds by the individual defendant or some other more tangible evidence to that effect as for instance, how the repayments were handled in the corporate account books. The actions of the parties throughout and the evidence before this court would indicate that the loan was made to the corporation and not to the individual, and the court so finds.
Defendants, upon all the evidence, have failed to establish the defense of usury to the degree necessary in such cases. Such a defense must be clearly and decisively proved and" not left to inference or implication. (Brown v. Robinson, 224 N. Y. 30.1.) The burden rests upon the party seeking to impeach the transaction for usury to prove the illegal intent and that the transaction is a cover for usury (White v. Benjamin, 138 N. Y. 623). In this, defendants have failed.
The court finds that this loan was made to the corporation and guaranteed by the individual defendants and under such circumstances the defense of usury cannot stand. (General Business Law, § 374; Salvin v. Myles Realty Co., 227 N. Y. 51, 58.)
The above constitutes the decision of the court in accordance with section 440 of the Civil Practice Act.
Submit a judgment of foreclosure and sale.