George Tilzer, J.
This is an action by the plaintiff against the defendant Federal Savings & Loan Association seeking a judgment canceling a bond and mortgage on the ground of usury.
*970 The plaintiff, a savings member of the defendant, made application to it for a loan to be used to purchase a four-family dwelling in Bronx County. He agreed to pay the expenses of title search and policy, the mortgage tax and recording fees, taxes and fire insurance premiums, attorney’s fees for preparation of the documents and closing, and an initial service charge. Upon approval of the application for a loan in the sum of $10,500, the plaintiff signed a commitment subject to specified conditions, one of which was that “ costs of mortgage will be two (2%) per cent plus actual disbursements ”. Upon closing of title and execution of the bond and mortgage on September 5, 1957, wherein plaintiff agreed to repay the loan in monthly installments, the plaintiff signed the loan settlement agreement authorizing and ratifying the disbursement of the funds stated therein, including a service charge of 2% amounting to $210. It is this 2%, in addition to the sum of 6% per annum on the principal of the loan, which plaintiff claims renders the loan usurious and contrary to the laws of the State of New York (General Business Law, § 370).
The court finds that the plaintiff failed to sustain the burden resting upon him of impeaching the transaction as a cover for usury (Brown v. Robinson, 224 N. Y. 301, 314-315 ; White v. Benjamin, 138 N. Y. 623, 624). The defendant, of course, is not exempted from the operation of our usury laws by the circumstance that it exists under the laws of the United States and its investments and operations and lending practices are regulated by the Federal Home Loan Bank Board under authority of the Home Owners’ Loan Act of 1933 (12 U. S. Code, tit. 12, § 1464). The plaintiff failed, nevertheless, in his proof that the exaction of the 2% service charge in addition to the interest charge of 6% and actual disbursements, rendered the loan usurious. The plaintiff sought the use of savings accumulated by his fellow members. He agreed to pay therefor the actual expenses incurred in the making of the loan and costs in such reasonable amounts as might be fixed by the defendant’s board of directors. The latter compensation of 2% is distinct from that agreed to be paid for the loan and encompasses the defendant’s expenses and the risks attendant upon the plaintiff’s right to prepay his loan. The testimony of the witnesses for the defendant discloses the services rendered to initially process the loan and showed that the charge of 2 Jo was a reasonable sum to reimburse defendant for its expenses incurred in good faith in connection with p’aintiff’s loan (London Realty Co. v. Riordan, 207 N. Y. 264, 266 ; Thurston v. Cornell, 38 N. Y. 281, 284 ; Bennett v. Ginsberg, *971 141 App. Div. 66). The charge was made openly and without subterfuge and both parties assented to it as a cost of the loan (Jefferson Tit. & Mtge. Corp. v. Dempsey, 153 Misc. 32, 34, affd. 242 App. Div. 626, mod. on other grounds 266 N. Y. 190). A lender may be paid for his trouble, time and expense in collecting the money for the loan (Bennett v. Ginsberg, supra, p. 67).
No usury has been shown. Judgment is directed for defendant dismissing the complaint on the merits.